# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Richard Doran Pierre,<br><br>v.<br><br>Troy Meza, et al.,<br><br>PLAINTIFF(S)<br><br>DEFENDANT(S) | CASE NUMBER<br><br>2:24-cv-05192-PSG-AS<br><br>ORDER ON REQUEST TO PROCEED<br>*IN FORMA PAUPERIS*<br>(NON-PRISONER CASE) |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☐ is not able to pay the filing fees.   ☐ is able to pay the filing fees.

☒ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees.  This is what is missing:

Plaintiff's answer to question 2 is unclear.  Additionally, he did not answer question 5 completely.

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

☒ The District Court lacks ☒ subject matter jurisdiction ☐ removal jurisdiction.
☐ The action is frivolous or malicious.
☒ The action fails to state a claim upon which relief may be granted.
☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

July 30, 2024                                                         /s/ signature
_____                    _____
Date                                                                      United States District Judge

CV-73 (07/22)                    ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)

A plaintiff in a civil action "bears the burden of establishing subject matter jurisdiction." *Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997). Additionally, a complaint may be dismissed for: (1) the lack of a cognizable legal theory; or (2) the absence of sufficient facts alleged under a cognizable legal theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984).

As best as can be gleaned from Plaintiff's complaint, he appears to allege a generic civil rights violation for the "improper use of California Penal Codes" related to "felonious check fraud." *Complaint*, Dkt. # 1 at 1, 3-4. He also alleges that "racist, conspirator, condescending behavior" was directed toward his mother during a video-conference, without further explanation. *Id.* at 3. He requests over $18 million in damages and other forms of relief. *Id.* at 5.

To the extent Plaintiff seeks re-evaluation of state-court decisions and orders, or intervention in a state criminal proceedings or other state-court action, the Court lacks jurisdiction over such matters. *See Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) ("[t]he clearest case for dismissal based on the *Rooker-Feldman* doctrine occurs when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision" (alteration in original) (citation omitted)); *Safouane v. Fleck*, 226 F. App'x 753, 758 (9th Cir. 2007) (affirming dismissal under *Rooker-Feldman* doctrine based on federal court's lack of jurisdiction to determine validity of state-court proceedings).

Moreover, although Defendant checks the box on his Civil Cover Sheet purportedly indicating the U.S. Government is also a Plaintiff (Dkt. # 1-1 at 1), that alone is insufficient to confer federal jurisdiction in this Court. *See Dickerson v. Safeco Ins. Co. of Am.*, 2012 WL 3095328, at *2 (S.D. Cal. July 30, 2012) (federal court lacked jurisdiction where plaintiff summarily stated that the U.S. Government was also a plaintiff, but the U.S. Government was not a party to the action).

Accordingly, this action is **DISMISSED** without leave to amend and without prejudice. *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) ("In general, dismissal for lack of subject matter jurisdiction is without prejudice."); *In re Dynamic Random Access memory (DRAM) Antitrust Litigation*, 546 F.3d 981, 990 (9th Cir. 2008) (holding that amendment is futile where a plaintiff could not plead subject matter jurisdiction). In light of this dismissal, Plaintiff's request to proceed *in forma pauperis* is **DENIED** (Dkt. # 3), and all other pending matters are **TERMINATED**.